CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 7:04CR00126 |
| | (Case No. 7:08CV80038--2255) |
| v. | **2255 MEMORANDUM OPINION** |
| NYLEE RAMON JONES. | By: Hon. Glen E. Conrad |
| | United States District Judge |

Petitioner Nylee Ramon Jones, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Jones challenges the validity of his confinement pursuant to the July 2005 judgment of this court convicting him on drug conspiracy and firearms charges and sentencing him to 130 months imprisonment. The government filed a motion to dismiss the action as untimely under § 2255(f), and Jones responded, making the matter ripe for the court's consideration. For the following reasons, the court concludes that the motion is untimely under § 2255(f)(1) and the motion to dismiss must be granted accordingly.

## Background

The indictment, returned October 7, 2004, charged Jones with fourteen counts of criminal violations related to his drug trafficking. Jones pleaded guilty on March 22, 2005, pursuant to a written plea agreement, to Counts One and Seven of the indictment which charged him with conspiracy to distribute more than five grams of cocaine base (also known as "crack cocaine"), in violation of 21 U.S.C. § 841 and § 846, and use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of "a drug trafficking crime which may be prosecuted in a court of the United States as heretofore set forth in Count Six of this indictment, and did aid and abet the same." Jones appeared before the court for sentencing on July 29, 2005 and received a term of 130 months imprisonment.[1] Jones did not appeal.

---

[1] By memorandum opinion and order entered April 29, 2008, the court reduced Jones's sentence from 130 months to 120 months, pursuant to 18 U.S.C. § 3582(c) and the 2007-2008 amendments to the crack cocaine sentencing guideline.

Jones filed this § 2255 motion on or about March 19, 2008.² The court liberally construes his submissions as alleging the following grounds for relief:

1. Petitioner discovered from reading his presentence report and forensic drug test results after his incarceration that the court wrongfully attributed 10.44 grams of crack to him, although "only 1.6 grams were clearly attributable" to him.³

2. Although petitioner relied on counsel to assist him with his § 2255 motion and forwarded the motion to counsel in a timely fashion, counsel failed to submit petitioner's § 2255 motion and did not advise petitioner to submit the motion himself until after the time to do so had expired.

3. Petitioner had a due process right to review his presentence report and object to inaccuracies, and failure by the court, the prosecutor, and defense counsel to ensure that he had opportunity to exercise these rights provides grounds for relief under § 2255.

4. Counsel failed to confer sufficiently with petitioner, to investigate and present petitioner's character history or a "tactical defense strategy," to interview critical witnesses, to investigate the absence of petitioner's fingerprints on the gun, or to contest the drug amount, although the circumstances and petitioner's character warranted a lesser sentence under the guidelines.

5. The indictment contained an error and his sentence is illegal as to the charge under 21 U.S.C. § 924(c), pursuant to Watson v. United States, 128 S. Ct. 579 (Dec. 10, 2007).

6. The prosecutor breached the plea agreement by failing to ensure that petitioner had an opportunity to review and object to the presentence report.

7. Counsel was ineffective in failing to argue double jeopardy when petitioner was convicted and sentenced on two, groupable defenses.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

²Jones failed to sign or date any of these initial submissions.

³The court notes that Jones pleaded guilty to count one which charged him with conspiracy to distribute more than five grams of cocaine base, and Paragraph 1 of the plea agreement clearly recited the language of count one.

2

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). A defendant's conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires, (b) when the defendant's opportunity to file a petition for a writ of certiorari expires or (c) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. Clay v. United States, 537 U.S. 522, 525 (2003).

Equitable tolling of the statutory filing period under § 2255(f) is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209 F.3d at 330.

In this case, the § 2255 motion was clearly untimely under § 2255(f)(1). The judgment entered on July 29, 2005, and became final ten (10) business days later, on August 12, 2005, when Jones did not appeal. See Fed. R. App. P. 4(b)(1)(A). As stated, Jones did not file his § 2255 motion until March 19, 2008, more than two years after his conviction became final. Thus, unless Jones demonstrates that his statutory filing period should be calculated under subsections (2),(3) or (4) of § 2255(f) or that he is entitled to equitable tolling of the filing period, this action must be dismissed as untimely filed.

Jones argues several reasons that his claims should not be barred by the statute of limitations: (1) until he reached federal prison and first reviewed his presentence report and "forensic report of drugs,"he did not realize that his sentence was based on incorrect drug amounts and his guilty plea was

3

involuntary; (2) "counsel refused to file his 2255 motion without advising until it was too late"; and (3) a new decision by the United States Supreme Court, the <u>Watson</u> case, decided December 10, 2007, makes his claim timely. The court does not find that any of these reasons render Jones's petition timely under any subsection of § 2255(f) or warrant equitable tolling.

First, "facts" stated in the presentence report cannot constitute "new facts" under § 2255(f)(4). Jones was notified in the plea agreement that a presentence report would be prepared and assist the court in determining his sentence. Paragraph 10 of the plea agreement reads, in pertinent part: "I understand that I will have a copy of my presentence report well in advance of the sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to all or parts of it that I feel are not correct." Paragraph 22 of the agreement states: "I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it." Jones initialed each page of the plea agreement and signed it under penalty of perjury. Now, he says in the § 2255 submissions that he did not know about his presentence report or review it until after he reached federal prison. These self-serving, vague claims of ignorance cannot stand against his sworn statements in the plea agreement. It is clear from this record that with due diligence, Jones could have discovered the information in the presentence report at the time of sentencing.

Second, Jones cannot overcome his timeliness problem by blaming his trial counsel for failing to file a timely § 2255 motion.[4] Although he claims to have relied on counsel to file a § 2255 on his behalf, his own submissions refute this assertion. He fails to produce any documentation or allege any facts indicating that counsel ever agreed to file a § 2255 challenging his conviction and sentence. Moreover, in a letter to Jones dated April 14, 2006, less than one year after sentencing, counsel expressly told Jones, "I sincerely hope that you are successful in any 2255 motion that <u>you</u> should

---

[4]Jones cannot state any claim for relief under § 2255 based on the alleged misconduct of habeas counsel related to his § 2255 action. "[T]he Constitution does not require counsel for defendants who attack their judgments" pursuant to § 2255. <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1340 (4th Cir. 1995); <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) ("Prisoners have no right to counsel in a collateral proceeding"). As Jones had no constitutional right to counsel in pursuing § 2255 proceedings, habeas counsel's alleged errors do not state claims of constitutionally ineffective assistance. <u>Hunt</u>, 57 F.3d at 1340.

4

bring." (Pet. Attach. 1). In any event, counsel's actions or omissions rarely provide grounds for equitable tolling of the § 2255 limitation period. See Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003) (ineffective assistance of counsel generally fails to warrant equitable tolling in habeas cases because petitioner "bears the risk of the error of that counsel"); see also Arrington v. Wheeler, No. 7:06-cv-00351, 2006 WL 2323324, at *1 (W.D. Va. Aug. 9, 2006) (finding petitioner's claim that counsel "abandoned" petitioner during the state habeas proceedings did not warrant equitable tolling). As stated, Jones fails to demonstrate that he reasonably relied at any time on counsel to pursue a § 2255 on his behalf.

Third, the December 2007 Watson decision cannot provide grounds for calculation of the filing period under § 2255(f)(3). In Watson, the Supreme Court held that a person who trades illegal drugs for guns does not "use" a firearm "during and in relation to . . . [a] drug trafficking crime" within the meaning of 18 U.S.C.A. §924(c)(1)(A). 128 S. Ct. at 586. In an earlier decision, however, the Supreme Court held that the trading of a gun for drugs—the reverse of the situation in Watson—was encompassed by the word "use" in the statute. Smith v. United States, 508 U.S. 223, 241 (1993). As stated, Jones pleaded guilty to count seven of the indictment, which charged him with using and carrying a firearm during and in relation to a drug trafficking offense and possession of a firearm in furtherance of that offense. According to Paragraphs 9, 10, and 11 of the Presentence Report, the government's evidence in support of the guilty plea in Jones's case indicated that he sold a firearm and drugs to a confidential source (CS) on three occasions. Under the Smith decision, this conduct falls under the "use" portion of § 924(c)(1)(A); the conduct also satisfies the "possession" portion of the statute. As the offense conduct for which Jones pleaded guilty does not include receiving a gun in trade for drugs, the Watson decision does not apply to his case at all.

5

## Conclusion

For the reasons stated, the court concludes that Jones's petition is untimely under § 2255(f) and he fails to demonstrate grounds warranting equitable tolling. Therefore, the court will grant the motion to dismiss.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to the petitioner and counsel of record for the government.

**ENTER:** This 29th day of August, 2008.

  _____
United States District Judge

Case 7:04-cr-00126-GEC   Document 99   Filed 08/29/08   Page 6 of 6   Pageid#: 407